IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| JACK YARBROUGH, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 250214N |
| | ) | |
| v. | ) | |
| | ) | **ORDER GRANTING DEFENDANT'S** |
| MARION COUNTY ASSESSOR, | ) | **MOTION TO COMPEL AND DENYING** |
| | ) | **PLAINTIFF'S MOTION TO APPLY** |
| | ) | **REGULAR DIVISION TAX COURT** |
| Defendant. | ) | **RULE 39** |

This matter came before the court on Defendant's Motion to Compel, filed

August 27, 2025, and Plaintiff's Motion to Apply Regular Division Oregon Tax Court Rule 39,

filed September 2, 2025. With its Motion, Defendant filed its Affidavit of Scott A. Norris in

Support of Defendant's Motion to Compel. On September 2, 2025, Plaintiff also filed his

Declaration of Jack R. Yarbrough and a Response to Defendant's Motion to Compel. The court

heard arguments on the motions during a case management conference held September 3, 2025.

I. STATEMENT OF FACTS

Plaintiff challenges the value of property identified as Account 531295 (subject property)

for the 2024-25 tax year. (Compl at 1.) The subject property includes improvements only—a

metal aircraft hangar—and is sited on real property owned by the City of Salem and located at

the Salem Airport. (*Id*.; Def's Mot at 1.) According to Plaintiff, the hangar is "in poor condition

with multiple observable physical obsolescence and disrepair." (Ptf's Mot at 2.)

For the 2024-25 tax year, Defendant determined that the subject property's total real

market value (RMV) was $95,190. (*See* Compl at 2.) Plaintiff appealed the 2024-25 assessment

to the Marion County Property Value Appeals Board (PVAB). (*See id*.) Defendant's appraiser,

Craig Farnstrom (Farnstrom), testified at the PVAB hearing. (Ptf's Mot at 1-2.) Prior to the hearing, Farnstrom physically inspected the subject property. (*Id*. at 2; Def's Mot at 2.) Plaintiff gave Farnstrom full access to the interior and exterior of the property and Farnstrom took multiple pictures. (Resp at 1.) Following the hearing, PVAB issued a Real Property Order, determining the RMV of the subject property to be $84,210. (*See* Compl at 2.) This appeal followed. In its Answer, Defendant requested an inspection of the subject property. Plaintiff denied the request in a phone conversation between the parties' representatives on August 5, 2025. (Def's Mot at 2.)

Defendant moves the court for an order, pursuant to Tax Court Rule-Magistrate Division (TCR-MD) 9 B(2), compelling Plaintiff to allow a site inspection of the subject property. Plaintiff moves the court for an order authorizing the application of Tax Court Rule (TCR) 39 (Depositions upon Oral Examination) for the purpose of facilitating limited discovery in this matter. (Ptf's Mot at 1.) Plaintiff seeks to depose Farnstrom and Marion County Assessor Tom Rohlfing (Rohlfing) "to establish the department's general policies and procedures regarding methods of valuation together with the specific basis for the valuation in this matter." (*Id*. at 2.)

## II. ANALYSIS

The issues presented are whether to grant (1) Defendant's Motion, compelling a site inspection of the subject property; and (2) Plaintiff's Motion, applying TCR 39 and allowing the depositions. Plaintiff opposes Defendant's Motion because Farnstrom previously conducted an inspection of the subject property prior to the PVAB hearing. (Resp at 2.) Defendant opposes Plaintiff's Motion because the information sought is irrelevant in this *de novo* proceeding and because Farnstrom's opinion developed during this proceeding is a protected expert opinion.

/ / /

A.      *Defendant's Motion to Compel Site Inspection*

Defendant asks the court to compel a site inspection of the subject property. Discovery is permitted in the Magistrate Division, including a site inspection, when relevant. *See* TCR-MD 9 A and 9 B(2). TCR-MD 9 B(2) provides:

> "A party may request from the court an order compelling a site inspection. Before filing a motion to compel a site inspection, the requesting party must make a written request for a site inspection to the other party and submit a copy of the written request to the court with the motion."

*Id.* Here, Defendant has complied with the rule by making a written request for inspection in its Answer.

Plaintiff argues that an inspection is unnecessary in this case because Defendant has sufficient information from the inspection conducted prior to the PVAB hearing. (*See* Resp at 2.) However, the appeal to this court is *de novo* or anew. *See* ORS 305.425(1).[1] "Because the statutes require and allow the court to determine the property's value anew, an assessor's request to inspect the property in order to gather data for trial is likely to be reasonable in many circumstances." *Salisbury v. Dept. of Rev.*, 24 OTR 497, 510 (2021). Plaintiff's "remedy" for concerns about "the assessor's intent or competence" is "to present and substantiate his own set of facts and conclusions." *Id.* at 511-12; *see also* ORS 305.427 (placing on the plaintiff the burden of proof by a preponderance of the evidence). The court finds that an inspection of the subject property is relevant in this case because the issue is the subject property's RMV. Furthermore, Plaintiff has alleged that the hangar suffers from various observable physical deficiencies negatively impacting its value, putting the condition of the subject property at issue. Defendant's Motion to Compel is granted.

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2023.

B.      *Plaintiff's Motion to Apply TCR 39 and allow Depositions*

Plaintiff asks the court to apply TCR 39—Depositions upon Oral Examination—to allow for depositions of Farnstrom and Rohlfing "to establish the department's general policies and procedures regarding methods of valuation together with the specific basis for the valuation in this matter." (Ptf's Mot at 2.) The Magistrate Division's rules do not provide express guidance regarding the circumstances under which depositions are appropriate in this division. However, the preface to the Magistrate Division Rules provides that the magistrate may look to the Regular Division Rules as a guide to the extent relevant. TCR-MD 9 A provides that "[t]he Regular Division discovery rules, TCR 36 through TCR 46, will apply only when the court so orders."

Looking to the Regular Division rules as a guide, TCR 36 A expressly authorizes various discovery methods, including depositions upon oral examination. The language of TCR 36 A mirrors language in Oregon Rule of Civil Procedure (ORCP) 36 A authorizing depositions.[2] Accordingly, the court considers whether depositions of Farnstrom and Rohlfing would be allowed under TCR 36 A and ORCP 36 A, as well as whether such depositions are appropriate in this case while it is pending in the Magistrate Division of the court.

1.      *Requested deposition of Farnstrom*

Defendant opposes Plaintiff's Motion, arguing that Farnstrom's prior value opinions are irrelevant and any opinion developed during this proceeding is a protected expert opinion.[3] The Oregon Supreme Court recognized that the Oregon legislature made a policy choice not to permit

---

[2] Although the ORCPs do not strictly apply in this court, "many Tax Court Rules (TCR) reflect provisions of the ORCP * * * [and t]o the extent that the wording of a TCR is the same as that of an ORCP, cases interpreting the ORCP may be looked to as authority for interpreting the TCR." Preface to Regular Division Rules.

[3] The Oregon Evidence Code defines an expert as one whose "scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue[;] a witness qualified as an expert by knowledge, skill, experience, training or education." ORS 40.410.

expert discovery in civil actions in state courts, specifically excluding authorization for expert discovery from the ORCPs. *Stevens v. Czerniak*, 336 Or 392, 403-04, 84 P3d 140 (2004). Notwithstanding the general prohibition on expert discovery, an expert who is a "fact" witness may be deposed under ORCP 36 B. *Gwin v. Lynn*, 344 Or 65, 67, 176 P3d 1249 (2008). The court in *Gwin* explained,

> "a witness may be both an expert witness and a fact witness and, therefore, may be deposed concerning facts that pertain to the witness's direct involvement in or observation of the relevant events that are personally known to the witness and that were not gathered primarily for the purpose of rendering an expert opinion."

*Id.* In a subsequent case, the court applied this rule, looking to a distinction in the federal rules between "participating experts who are actors in the action[,]" and "nonparticipating experts who acquire or develop facts or opinions in anticipation of litigation or for trial[.]" *Ransom v. Radiology Specialists of the Northwest*, 363 Or 552, 564, 425 P3d 412 (2018). Both types of witnesses have expert qualifications—that is not the important distinction. *See id.* at 566. Rather, the question is how and why the expert acquired or developed the relevant facts and opinions. *See id.* at 566-67.

Plaintiff's request to depose Farnstrom appears intended to ask him about his determination of the subject property's RMV for the PVAB appeal. This court denied a similar request in *Susbauer Road LLC v. Washington County Assessor*, TC-MD 230056N, 2023 WL 5814377 (Or Tax M Div, Sept 7, 2023). There, the court found that "[w]hen a taxpayer appeals to BOPTA, the roll value is in dispute, the appeal process has begun, and opinions of value are developed and presented in connection with litigation."[4] *Id.* at *3. The court held that the report and testimony prepared by the county appraiser for the BOPTA hearing were in anticipation of

---

[4] BOPTA refers to the Board of Property Tax Appeals, which was renamed PVAB.

litigation, so the plaintiff could not question the assessor about the assumptions he made in his BOPTA report. *Id*. For the same reasons, Plaintiff's request to take Farnstrom's deposition is denied.

2. *Requested deposition of Rohlfing*

It appears the purpose of Plaintiff's request to depose Rohlfing is "to establish the department's general policies and procedures regarding methods of valuation." That request is vague and does not appear relevant to the determination of the subject property's RMV in this matter. Plaintiff's request to depose Rohlfing is therefore denied.

Plaintiff's request to apply TCR 39 to this matter appears limited to allow for depositions of Farnstrom and Rohlfing. Consequently, Plaintiff's Motion is denied.

## III. CONCLUSION

Upon careful consideration, the court grants Defendant's Motion to Compel a site inspection and denies Plaintiff's Motion to Apply Regular Division Oregon Tax Court Rule 39. Now, therefore,

IT IS ORDERED that Defendant's Motion to Compel a site inspection is granted. Plaintiff shall allow an inspection of the subject property within 30 days of the date of this order, or Plaintiff's appeal will be dismissed. The parties will file a joint written status report with the court within 30 days after the site inspection has been conducted.

IT IS FURTHER ORDERED that Plaintiff's Motion to Apply Regular Division Oregon TCR 39 is denied.

_____

*This interim order may not be appealed. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's final written decision when all issues have been resolved. ORS 305.501. This Order was signed by Presiding Magistrate Allison R. Boomer and entered on November 5, 2025.*